OPINION OF THE COURT
RUSSELL, Judge:
A general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of aggravated assault and communicating a threat in violation of Articles 128 and 134, Uniform Code of *722 Military Justice, 10 U.S.C. §§ 928 and 934 (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to Private E1.
This case is before the court for automatic review pursuant to Article 66, UCMJ. We have examined the record of trial and considered the assignments of error, the error personally asserted by the appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), the government’s reply thereto, and oral argument. We find no error affecting the appellant’s substantial rights. However, discussion is warranted regarding the appellant’s assigned error:
THE FINDING OF GUILTY OF CHARGE II SHOULD BE SET ASIDE BECAUSE THE OFFENSE OF COMMUNICATING A THREAT IS NOT A LESSER INCLUDED OFFENSE OF THE OFFENSE OF OBSTRUCTING JUSTICE
The appellant was charged under the following specification with violating Article 134, UCMJ, by obstructing justice through the communication of a threat:
SPECIFICATION: In that Private First Class Sonny A Benavides, U.S. Army, on active duty now and at the time of the offense charged, did, at or near Camp Casey, Republic of Korea, on or about 19 September 1994, wrongfully endeavor to impede an investigation in the case of Private First Class Sonny A Benavides, by communicating to Private First Class Tina M. Lowe a threat to “get you Bitch,” if she, the said Private First Class Tina M. Lowe, would provide information concerning the incident of 19 September 1994 to a Military Police Investigator.
The military judge instructed the panel members that if they found the proof insufficient to establish the accused’s intent to obstruct justice, then he might still be found guilty of the lesser offense of communicating a threat, also in violation of Article 134, UCMJ. We agree.
LAW
“[I]n the military, those elements required to be alleged in the specification, along with the statutory elements, constitute the elements of the offense,” for the purpose of determining the existence of lesser-included offenses. United States v. Weymouth, 43 M.J. 329, 340 (C.A.A.F.1995) (citing United States v. Teters, 37 M.J. 370 (C.M.A.1993); United States v. Foster, 40 M.J. 140 (C.M.A 1994); and, Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). A lesser offense is included in a charged offense when the specification contains allegations which either expressly or by fair implication put the accused on notice to prepare to defend against it in addition to the offense specifically charged. Article 79, UCMJ; Manual for Courts-Martial, United States (1995 ed.), Part IV, para. 3b(1) [hereinafter MCM]. The President has evinced a valid policy that offenses that are “hierarchical in fact,” as alleged, should be treated as “hierarchical in law ” for purposes of identifying necessarily included offenses. See United States v. Weymouth, 43 M.J. 329, 335 (C.A.A.F.1995).
DISCUSSION
Conviction of offenses charged under Article 134, UCMJ, except those prosecuted as “crimes and offenses not capital,” require proof of two statutory elements: (1) the accused did or failed to do certain acts; and (2) under the circumstances, the accused’s conduct was to the prejudice of good order and discipline or was service discrediting. MCM, para. 60b. However, the number of pleading elements of proof required for conviction under Article 134, UCMJ, varies depending upon the different nature and degree of the actus reus and the mens rea involved. In recognition of the factual variations that make out the hierarchy of Article 134, UCMJ, violations, the President has listed several common violations of Article 134, UCMJ, with different pleading elements that describe different types of misconduct and different levels of guilty intent. The President assigned individually tailored maximum punishment limitations for each listed offense, based on the seriousness of the offense. MCM, paras. 61-113.
*723 “Communicating a threat” is a listed Article 134, UCMJ, offense that carries a maximum punishment including three years’ confinement. Communicating a threat has three pleading elements: (1) the accused communicated certain language expressing a present determination or intent to wrongfully injure the person, property, or reputation of another person, (2) the communication was made known to that person or to a third person, and (3), the communication was wrongful. See MCM, para. 106. This crime requires no specific mens rea; the mere intentional expression of apparent intent is enough. See MCM, para. 110c. able doubt. See United States v. Craft, 44 C.M.R. 664 (A.C.M.R.1971).
The appellant urges us to follow the reasoning of our Navy and Marine Corps brethren in United States v. Oatney, 41 M.J. 619 (N.M.Ct.Crim.App.1994), pet. granted, 42 M.J. 204 (1995). In light of Weymouth, we decline to do so.
The findings of guilty and the sentence are affirmed.
Senior Judge CAIRNS and Judge TOOMEY concur.
Obstructing justice is also a listed Article 134, UCMJ, offense, carrying a maximum punishment including confinement for five years. MCM, para. 96. Obstructing justice where the actus reus is the communication of a threat has two more pleading elements than the less serious offense of merely communicating a threat: (1) the threat was communicated with the specific mens rea to influence, impede or otherwise influence the due administration of justice, and (2) the accused communicated the threat in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending.
The statutory elements of proof for these two Article 134, UCMJ, offenses are, of course, identical. Using the analytical model set out in Weymouth, we see that it was necessary to prove the element of “communicating a threat” in order to prove the obstruction of justice, as alleged. Additionally, we note that the pleading elements of proof for communicating a threat are each fairly alleged in the Specification of Charge II, obstruction of justice. Cf. MCM, para 110f (sample specification for communicating a threat under Article 134, UCMJ). Thus, we are satisfied that the less serious offense of communicating a threat was “necessarily included” in the obstruction of justice charge as alleged, thereby fairly placing the appellant on notice that a conviction for communicating a threat under Article 134, UCMJ, might obtain, even if the extra pleading elements necessary to make out an obstruction of justice were not proved beyond a reason-